**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| BARRY LOBIANCO, *on behalf of himself and all others similarly situated,*             Plaintiff, <br><br> vs. <br><br> JOHN F. HAYTER, ATTORNEY AT LAW, P.A., and JOHN F. HAYTER, individually, <br><br>            Defendants. | **CIVIL ACTION NO.** <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

**NATURE OF ACTION**

1.      This is a class action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

**PARTIES**

4.      Plaintiff, Barry LoBianco ("Mr. LoBianco"), is a natural person who

at all relevant times resided in the State of Florida, County of Alachua, and City of Gainesville.

5.     Mr. LoBianco is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, John F. Hayter, Attorney at Law, P.A. ("Hayter P.A."), is a for-profit Florida corporation which can be served through its registered agent, John F. Hayter, 704 N.E. 1st Street, Gainesville, FL 32601.

7.     Hayter P.A. is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Mr. LoBianco, as defined by 15 U.S.C. § 1692a(5).

8.     Hayter P.A. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.     Defendant, John F. Hayter ("Mr. Hayter"), is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Mr. LoBianco, as defined by 15 U.S.C. § 1692a(5).

10.     According to annual reports filed with the Division of Corporations of the Florida Department of State, Mr. Hayter is the sole officer and director of Hayter P.A.

11.     Upon information and good-faith belief, as the sole officer and director of Hayter P.A., Mr. Hayter was in charge of the business and affairs of Hayter P.A.'s debt collection business.

12.     Upon information and good-faith belief, as the sole officer and director of Hayter P.A., Mr. Hayter was involved in the day-to-day operations of

Hayter P.A.'s debt collection business.

13.     Upon information and good-faith belief, as the sole officer and director of Hayter P.A., Mr. Hayter exercised control over Hayter P.A.'s debt collection business.

14.     Mr. Hayter is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15.     Mr. LoBianco is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Hayter P.A. or Mr. Hayter (collectively "Defendants").

16.     Mr. LoBianco's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely rental payments for a residential apartment unit allegedly owed to Gainesville Real Estate Management Company Inc. (the "Debt").

17.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect, or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

18.     In connection with the collection of the Debt, Defendants sent Mr. LoBianco an initial written communication dated June 15, 2012, regarding account number 2012020021.

19.     In the June 15, 2012 initial written communication, Defendants stated in relevant part(s):

> Payment in full is hereby demanded within thirty (30) days after receipt of this letter. If you do not pay as demanded I will advise my client to file suit to collect. DO NOT EXPECT ANY FURTHER NOTICES.
>
> * * * * *
> Please govern yourself accordingly,
> Sincerely,
> John F. Hayter
>
> <u>*IMPORTANT NOTICE TO DEBTOR*</u>
>
> *Please be advised, pursuant to the Federal Fair Debt Collection Practices Act, that:*
>> *1.      Unless, within thirty (30) days after receipt of this notice, you dispute the validity of all or a portion of the debt alleged to be due above,*
>> *a.      the debt will be assumed to be valid by the debt collector, and*
>> *b.      if you do dispute the debt, this office will obtain and provide to you verification of the debt or a copy of a judgment….*

*See* Letter from John F. Hayter to Barry LoBianco (dated June 15, 2012), attached hereto as Exhibit A.

20.     The Debt was in default at the time Defendants sent the June 15, 2012 initial written communication.

21.    The June 15, 2012 initial written communication was placed upon letterhead for John F. Hayter, Attorney At Law, P.A. and was hand-signed by Mr. Hayter.

22.    The June 15, 2012 initial written communication failed to contain a statement that if Mr. LoBianco sent a **written** dispute of the debt, or any portion thereof, within the thirty-day period after receipt of the notice**,** Defendants would provide verification of the debt or a copy of the judgment, and therefore, Defendants failed to meaningfully convey the disclosure required pursuant to 15 U.S.C. § 1692g(a)(4).

23.    The June 15, 2012 initial written communication includes language that actually contradicts, apparently contradicts, and/or overshadows the notices required by 15 U.S.C. § 1692g(a)(4).

24.    The June 15, 2012 initial written communication includes language that actually contradicts the notices required by 15 U.S.C. § 1692g(a)(4), including its failure to notify Mr. LoBianco that a **written** dispute of the debt was necessary in order to require Defendants to provide verification of the Debt.

25.    In the alternative, the June 15, 2012 initial written communication includes language that apparently contradicts or overshadows the notices required by 15 U.S.C. § 1692g(a)(4), including, but not limited to, its threat to file a lawsuit if payment is not received "as demanded" in a letter printed on law firm letterhead and hand signed by an attorney.

26.    The June 15, 2012 initial written communication includes language that is designed to evade the spirit of the FDCPA and to mislead the least sophisticated consumer into ignoring the rights afforded by 15 U.S.C. § 1692g(a)(4).

27.    Upon information and good faith belief, the June 15, 2012 initial written communication is based on a form or template.

28.    Upon information and good faith belief, as a matter of pattern and practice, Defendants send, or cause to be sent, communications to alleged consumer debtors using language that is substantially similar or materially identical to the language used in the June 15, 2012 communication to Mr. LoBianco.

## CLASS ACTION ALLEGATIONS

29.    Mr. LoBianco brings this action on behalf of himself and all others similarly situated.  Specifically, Mr. LoBianco seeks to represent two alternative classes of individuals defined as:

(1) All persons located in Florida to whom Defendants sent, within one year before the date of filing of this complaint and in connection with the collection of a consumer debt, an initial written correspondence that is substantially similar or materially identical to the June 15, 2012 correspondence that Defendants sent to Barry LoBianco (Exhibit A), in that it fails to provide the disclosure required by 15 U.S.C. § 1692g(a)(4), and to whom Defendants did not, within five days thereafter, send the disclosure required by 15 U.S.C. § 1692g(a)(4).

(2) All persons located in Florida to whom Defendants sent, within one year before the date of filing of this complaint and in connection with the collection of a consumer debt, an initial

written correspondence that is substantially similar or materially identical to the June 15, 2012 correspondence that Defendants sent to Barry LoBianco (Exhibit A), in that it overshadowed, contradicted, or was inconsistent with the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq*.

30.     The proposed classes specifically exclude the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit and the Justices of the Supreme Court of the United States, all officers and agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

31.     The classes are averred to be so numerous that joinder of members is impracticable.

32.     The exact number of class members is unknown to Mr. LoBianco at this time and can be ascertained only through appropriate discovery.

33.     The classes are ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

34.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. §1692 *et seq*.; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

35.     Mr. LoBianco's claims are typical of those of the classes he seeks to represent.

36.     The claims of Mr. LoBianco and of the classes originate from the same conduct, practice, and procedure on the part of Defendants.  Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

37.     Mr. LoBianco possesses the same interests and has suffered the same injuries as each class member.  Mr. LoBianco asserts identical claims and seeks identical relief on behalf of the unnamed class members.

38.     Mr. LoBianco will fairly and adequately protect the interests of the classes and has no interest adverse to, or which directly and irrevocably conflicts with, the interests of other members of the classes.

39.     Mr. LoBianco is willing and prepared to serve this Court and proposed classes.

40.     Mr. LoBianco's interests are co-extensive with and not antagonistic to those of the absent class members.

41.     Mr. LoBianco has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect, and otherwise represent Mr. LoBianco and all absent class members.

42.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of

8

the classes would, as a practical matter, be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

43.     The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes.  Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

44.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

45.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

46.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest

9

in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)
## HAYTER P.A.

47.     Mr. LoBianco repeats and re-alleges each and every factual allegation above.

48.     Hayter P.A. violated 15 U.S.C. § 1692g(a)(4) by sending an initial written communication that failed to meaningfully convey to Mr. LoBianco that a dispute of the debt, or any portion thereof, must be made in writing in order to obtain verification of the alleged debt or a copy of a judgment against Mr. LoBianco, and by not sending the required disclosures within five days thereafter.

WHEREFORE, Mr. LoBianco prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Class Action Complaint as the operative complaint for class purposes;

b) Adjudging that Hayter P.A. violated 15 U.S.C. § 1692g(a)(4);

c) Awarding Mr. LoBianco, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

10

d) Awarding Mr. LoBianco, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

e) Awarding Mr. LoBianco, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692g(a)(4)**
**JOHN F. HAYTER**

49.    Mr. LoBianco repeats and re-alleges each and every factual allegation above.

50.    Mr. Hayter violated 15 U.S.C. § 1692g(a)(4) by sending an initial written communication, himself and on behalf of Hayter P.A., that failed to meaningfully convey to Mr. LoBianco that a dispute of the debt, or any portion thereof, must be made in writing in order to obtain verification of the alleged debt or a copy of a judgment against Mr. LoBianco, and by not sending the required disclosures within five days thereafter.

51.    Mr. Hayter is personally liable to Mr. LoBianco, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Hayter P.A.'s debt collection business, his personal involvement in the collection of Mr. LoBianco's alleged debt, and his exercise of control over

the affairs of Hayter P.A.'s debt collection business.

WHEREFORE, Mr. LoBianco prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Class Action Complaint as the operative complaint for class purposes;

b)  Adjudging that Mr. Hayter violated 15 U.S.C. § 1692g(a)(4);

c)  Adjudging that Hayter P.A. violated 15 U.S.C. § 1692g(a)(4);

d)  Adjudging that Mr. Hayter is liable for the actions of Hayter P.A.;

e)  Awarding Mr. LoBianco, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

f)  Awarding Mr. LoBianco, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

g)  Awarding Mr. LoBianco, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

h)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(b)
## HAYTER P.A.

52.    Mr. LoBianco repeats and re-alleges each and every factual

allegation above.

53.     Hayter P.A. violated 15 U.S.C. § 1692g(b) by sending Mr. LoBianco an initial communication that overshadowed, contradicted, or was inconsistent with the disclosure of rights required by 15 U.S.C. § 1692g(a) *et seq*.

WHEREFORE, Mr. LoBianco prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Class Action Complaint as the operative complaint for class purposes;

b)  Adjudging that Hayter P.A. violated 15 U.S.C. § 1692g(b);

c)  Awarding Mr. LoBianco, and others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Mr. LoBianco, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

e)  Awarding Mr. LoBianco, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692g(b)**
**JOHN F. HAYTER**

54.    Mr. LoBianco repeats and re-alleges each and every factual allegation above.

55.    Mr. Hayter violated 15 U.S.C. § 1692g(b) by sending Mr. LoBianco an initial written communication, himself and on behalf of Hayter P.A., that overshadowed, contradicted, or was inconsistent with the disclosure of rights required by 15 U.S.C. § 1692g(a) *et seq*.

56.    Mr. Hayter is personally liable to Mr. LoBianco, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of Hayter P.A.'s debt collection business, his personal involvement in the collection of Mr. LoBianco's alleged debt, and his exercise of control over the affairs of Hayter P.A.'s debt collection business.

WHEREFORE, Mr. LoBianco prays for relief and judgment, as follows:

a)    Determining that this action is a proper class action, certifying him as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Class Action Complaint as the operative complaint for class purposes;

b)    Adjudging that Mr. Hayter violated 15 U.S.C. § 1692g(b);

c)    Adjudging that Hayter P.A. violated 15 U.S.C. § 1692g(b);

d)    Adjudging that Mr. Hayter is liable for the actions of Hayter P.A.;

e)    Awarding Mr. LoBianco, and others similarly situated, statutory

14

damages, pursuant to 15 U.S.C. § 1692k;

f) Awarding Mr. LoBianco, and others similarly situated, reasonable attorneys' fees and costs incurred in this action, including but not limited to counsel fees and expert fees;

g) Awarding Mr. LoBianco, and others similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

57.   Mr. LoBianco is entitled to and hereby demands a trial by jury.

DATED this 22nd day of February, 2013.

Respectfully submitted,

/s/ Alex Weisberg
Alex Weisberg (0566551)
Weisberg & Meyers, LLC
5722 S. Flamingo Road, #656
Cooper City FL 33330
(888) 595-9111 ext. 211
(866) 565-1327 (fax)
aweisberg@attorneysforconsumers.com
ATTORNEYS FOR BARRY LOBIANCO