IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**BARRY LOBIANCO, on behalf of himself
and all others similarly situated,**

      **Plaintiffs,**

v.                          **CASE NO.: 1:13cv41-MW-GRJ**

**JOHN F. HAYTER, ATTORNEY AT LAW, P.A.
and JOHN F. HAYTER, individually**

      **Defendants.**
_____/

**ORDER DENYING MOTION TO DISMISS**

Pending before the court is Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF No. 9. At issue is whether Defendants' offer of judgment for the full amount of Plaintiff's statutory damages but which limits costs and attorney's fees as of the date of the offer of judgment renders Plaintiff's claim moot thus divesting the court of subject matter jurisdiction.

The motion is based on facts beyond those alleged in the pleadings and therefore presents a factual challenge. McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007). Because the additional facts are undisputed, the motion is appropriate for disposition based on the parties' written

arguments, without an evidentiary hearing. See Wiliamson v. Tucker, 645 F.2d 404, 413-14 (5th Cir. May 20, 1981) (explaining that a 12(b)(1) motion may be decided as a matter of law when it is based on facts that are uncontested or presumed to be true, while additional procedures may be required when the facts are contested).[1] For the following reasons, the court finds that Defendants' offer of judgment does not divest the court of subject matter jurisdiction. Accordingly, the motion to dismiss will be denied.

**BACKGROUND**

Attorney John F. Hayter and his law firm, John F. Hayter, P.A., (collectively "Defendants") are engaged in the debt collection business. On June 15, 2012, Defendants sent a letter to Barry Lobianco ("Plaintiff") to collect a debt that Plaintiff owed for rent on a residential apartment. Plaintiff contends that the language used in the letter violates the notice and dispute provisions of the Fair Debt Collections Practices Act ("Act"), Title 15, United States Code, Section 1962g(a)(4) and (b). Regarding notice, the letter stated: "if you dispute the debt, this office will obtain and provide to you verification of the debt or a copy of a judgment . . . ." Complaint, Doc. 1 at ¶ 19. According to Plaintiff, the language was deficient under the notice provision in section 1962g(a)(4) of the Act because it failed to notify Plaintiff "that a

---

[1] Decisions from the former Fifth Circuit decided on or before September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

**written** dispute of the debt was necessary in order to require Defendants to provide verification of the Debt." Id. at ¶ 24 (emphasis in original). Regarding the dispute provision, the letter contained the following language: "Payment in full is hereby demanded within thirty (30) days after receipt of this letter. If you do not pay as demanded I will advise my client to file suit to collect. DO NOT EXPECT ANY FURTHER NOTICES." Id. at ¶ 19 (emphasis in original). According to Plaintiff, the threat in the letter violates the dispute provision in section 1962g(b) of the Act because the threat is designed to pressure a consumer to forgo the right to dispute the debt.

Plaintiff filed a class action suit against Defendants on February 22, 2013. Plaintiff is suing to collect statutory damages for himself. He also seeks to represent a class of others who received similar letters from Defendants in the past year. On March 13, 2013, before any motion to certify the class had been filed, Defendants served Plaintiff with an offer of judgment in accordance with Federal Rule of Civil Procedure 68. The offer consents to the entry of judgment against Defendants in favor of Plaintiff "in the amount of $1,100.00, together with all costs, disbursements and reasonable attorneys' fees to this date." Offer of Judgement, Doc. 9-1 (emphasis added). When Plaintiff did not accept the offer, Defendants filed the motion to dismiss, arguing that because the offer provides Plaintiff with his full request for relief on his individual claim, the claim has been rendered moot thus divesting the court of subject matter jurisdiction.

**DISCUSSION**

The case or controversy requirement of Article III of the Constitution prohibits federal courts from adjudicating issues in the abstract. Thus at the time of filing a lawsuit a plaintiff is required to show that he has standing to bring the case by demonstrating that he has a real stake in the issues for the court to resolve. Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1189 n.16 (11th Cir. 2007). The related concept of mootness focuses on whether a change of circumstance after the filing of the lawsuit brings an end to the controversy so that a ruling by the court would provide no meaningful relief. Id. "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Chafin v. Chafin, 568 U.S. __, 133 S.Ct. 1017, 1023 (2012) (citations omitted). A case that is moot is properly dismissed for lack of subject matter jurisdiction. Genesis Healthcare Corp. v. Symczyk, ___ U.S. ___, 133 S.Ct. 1523, 1532 (2013).

There is a split among the Courts of Appeal as to whether an unaccepted offer of judgment that fully satisfies a plaintiff's claim will render the claim moot. The Eleventh Circuit Court of Appeals has not addressed this precise issue. In Zinni v. ER Solutions, Inc., 692 F.3d 1162, 1163 n.8, 1168 (11th Cir. 2012), however, the Eleventh Circuit held that a settlement offer for the full amount of damages minus judgment was not a full offer of relief that would moot a case. The ruling was based on the fact that the offer was not in the form of a Rule 68 offer of judgment that included entry of judgment against the defendant. Id. at 1167. In the absence of a

judgment that could be enforced, the Eleventh Circuit determined that relief to the plaintiff would not be complete and therefore would not be sufficient to moot the case. Id. at 1168.

In the case at bar, the offer made by Defendants to Plaintiff came in the form of a Rule 68 offer of judgment. So the offer is not defective because it withheld entry of judgment. Instead, Plaintiff argues that offer of judgment did not provide complete relief because it limited payment of attorney's fees and costs to the date of the offer of judgment. Had Defendants' offer of judgment simply stated that it included costs and attorney's fees to be awarded by the court, Plaintiff contends, the offer would have afforded complete relief. Being limited as it was, however, to the fees and costs incurred up to the date of the offer, the offer did not afford complete relief.

In cases like this one where attorney fees are allowed to the prevailing party by federal statute, the compensable fees include time spent litigating both the entitlement to and amount of fees incurred; i.e. "fees for litigating fees." Thompson v. Pharmacy Corp. of Am., Inc., 334 F.3d 1242, 1245 (11th Cir. 2003) (statutory fees for civil rights litigants includes "fees for litigating fees"). The Defendants' offer of judgment did not provide complete relief to Plaintiff because it only offered to pay costs and attorney's fees as of the date of the offer, thereby excluding post-offer fees incurred in establishing the amount of compensable attorney fees. See McKenna v. Nat'l Action Fin. Services, Inc., No. 07-60889-CIV, 2008 WL 2389016

CASE NO.: 1:13cv41-MW-GRJ

(S.D. Fla. June 10, 2008) (offer of judgment limiting attorney's fees did not provide complete relief); Queen v. Nationwide Credit Inc., No. 10-cv-1445, 2010 WL 4006676 (N.D. Ill Oct. 7, 2010) (same); Andrews v. Prof'l Bureau of Collections of Md., 270 F.R.D. 205 (M.D. Pa. 2010) (same); Hernandez v. Asset Acceptance, LLC, 279 F.R.D. 594 (D. Colo. 2012) (same); Wilcox v. Allied Interstate, Inc., Civil Action File No. 1:11-CV-01425-MHS-GGB, 2012 WL 959331 (N.D. Ga. Mar. 20, 2012) (same). Because Defendants' offer of judgment did not offer complete relief to Plaintiff, the offer did not moot Plaintiff's claim and thus does not divest the court of subject matter jurisdiction. Zinni, 692 F.3d at 1168.

## CONCLUSION

Defendants' offer of judgment was not sufficient to moot Plaintiff's claim because the offer of judgment excluded post-offer attorney's fees that Plaintiff would otherwise be entitled to receive and therefore did not offer complete relief to Plaintiff.

ORDERED AND ADJUDGED: Defendants' motion to dismiss, ECF No. 9, is denied.

DONE AND ORDERED on May 14, 2013.

                                                                s/Mark E. Walker
                                                                United States District Judge